UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Candy Argot, | ) C/A No. 4:11-2755-MBS-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND |
| Dr. Oliver Harden; Dana Smith; Columbia Regional Care | ) RECOMMENDATION |
| Center, a prison hospital owned by Geo Care, Inc.; Chief | ) ON DISMISSAL |
| Bruce McClease; Steve Adwell; Major Cummings; Captain | ) OF DEFENDANTS |
| Alton Richardson; Officer Peterson; Ofc. Whitaker; Erica | ) |
| Brown, Nurse; Sgt. Carlos Glenn; Ofc. Whitman; Ofc. Adam | ) |
| Creewell; Catherine Adumoah, Nurse; Ofc. Rosin; Nurse | ) |
| Mills; Rochelle Priester, Nurse; Joy NLN, Nurse; Tangela | ) |
| NLN, Nurse; Leroy NLN, Nurse; Kya Davis, Nurse, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Candy Argot, a *pro se* prisoner, filed this action concerning prison conditions, including safety and medical care, on October 12, 2011. Pretrial proceedings in this action were automatically referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC.

## I. INTRODUCTION

As a preliminary matter in this case, it is necessary for this court to address several service issues concerning seven defendants. *See* Fed. R. Civ. P. Rule 4(m) (the court, "on motion or on its own after notice to the plaintiff" must address timeliness of service). Three motions to dismiss based on lack of proper service have been filed regarding several of the seven defendants (docs. # 64, # 70, and # 76). Because motions to dismiss, as well as lack of service under Rule 4(m), are dispositive, this report and recommendation is entered for review by the District Judge.

## II. PROCEDURAL BACKGROUND

By Order dated November 15, 2011, Plaintiff was given a specific time frame in which to provide the court with necessary service documents (doc. # 10). Plaintiff substantially complied with the court's order and the U.S. Marshal Service (USM) was directed to serve the defendants by order dated January 3, 2012 (doc. # 18). The USM filed returns indicating execution of service on several defendants, as well as returns indicating unexecuted service, which included explanations of the unsuccessful attempts to serve several defendants (docs. # 26-30 and # 33-47). By order dated April 16, 2012, service was specifically directed on the corporate defendant, Columbia Regional Care Center/Geo Care, Inc., using the documents provided by Plaintiff (doc. # 57).[1] A USM return was filed on June 4, 2012, indicating service was executed on Columbia Regional Care Center (doc. # 67).

The order issued on April 16, 2012, also informed Plaintiff that several defendants remained unserved (docs. # 42-46), and allowed Plaintiff a final opportunity to provide sufficient information for service on the unserved defendants, specifically: Tangela NLN, Nurse; Leroy NLN, Nurse; Officer Rosin; Rochelle Priester; Nurse Mills (doc. # 57). Plaintiff has not provided the court with any further information concerning sufficient service addresses for any of these unserved defendants. On June 14, 2012, Defendants Officer Rosin, Nurse Mills, Rochelle Priester, and Tangela NLN,

---

[1] The corporate entity designated in the complaint was not previously served because of inconsistent information provided by Plaintiff. Plaintiff's party designation of the corporate client caused confusion as to the correct entity being sued. The complaint identifies the corporate defendant as "Columbia Regional Care Center, a prison hospital owned by Geo Care, Inc.," and Plaintiff provided service documents showing "Geo Care, Inc." as the defendant to be served at the address of the Columbia Regional Care Center.

Nurse,[2] filed a motion to dismiss seeking to be dismissed as defendants pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure based on untimely and insufficient service of process (doc. # 76). An order was issued on June 18, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of dismissal/summary judgment procedures and the possible consequences if she failed to respond to the motion to dismiss (doc. # 77). Plaintiff did not file a response to Defendants' motion to dismiss Officer Rosin, Nurse Mills, Rochelle Priester, and Tangela NLN, Nurse, or the court's *Roseboro* order warning of the consequences of not filing a response.

The order issued on April 16, 2012 (doc. # 57), also directed Plaintiff's attention to the purported service of Defendant Joy NLN, Nurse, which resulted in a response from the individual served that denies she is the defendant identified in this case as Joy, NLN, Nurse (doc. # 50). The letter was construed as a motion to dismiss (doc. # 64) and an order was issued on May 23, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of dismissal/summary judgment procedures and the possible consequences if she failed to respond to the motion to dismiss (doc. # 65). Plaintiff did not file a response to Defendant Joy NLN's motion to dismiss and the court's *Roseboro* order warning of the consequences of not filing a response.

After the USM return was filed indicating service was executed on Columbia Regional Care Center (doc. # 67), a motion to dismiss this defendant was filed on June 13, 2012 (doc. # 70). The motion is filed by GEO Care of South Carolina, Inc., and clarifies that this is the corporate entity that Plaintiff incorrectly identified as "Columbia Regional Care Center, a prison hospital owned by

---

[2] Defendant Leroy NLN, Nurse, is not represented by counsel, and therefore is not included in the motion to dismiss.

Geo Care, Inc.," the corporate defendant designated in her complaint. An order was issued on June

14, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of

dismissal/summary judgment procedures and the possible consequences if she failed to respond to

the motion to dismiss (doc. # 74). On July 16, 2012, Plaintiff timely filed a response in opposition

to GEO Care of South Carolina, Inc.'s motion to dismiss this defendant (doc. # 82).

### III. APPLICABLE LAW

Dismissal of an action against a defendant for failure to effectuate timely service is addressed

in Rule 4(m) of the Federal Rules of Civil Procedure, which establishes a time limit for service and

provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on
> motion or on its own after notice to the plaintiff--must dismiss the action without
> prejudice against that defendant or order that service be made within a specified
> time. But if the plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

Fed.R.Civ.P. 4(m). A defendant may also assert a defense by motion to dismiss under Rule 12(b)(5)

for "insufficient service of process," where service of process failed to comply with the requirements

of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(b)(5).

Rule 4(e) governs the service of process upon individuals in the United States and provides

that service may be accomplished by either (1) delivering a copy of the summons and complaint to

the defendant personally, (2) leaving a copy of the summons and complaint with a person of suitable

age and discretion then residing at the defendant's home or usual place of abode, or (3) delivering

a copy of the summons and complaint to an agent authorized by appointment or by law to receive

service of process. Fed.R.Civ.P. 4(e). Rule 4(e) also provides that service of process may be

accomplished pursuant to the law of the state in which the district court sits. *Id*. Service of process

4

upon a corporate entity is governed by Rule 4(h)(1), which allows service to be accomplished, either (1) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed.R.Civ.P. 4(h)(1)(A), (B).

In a case in which the district court permits the plaintiff to file *in forma pauperis*, the district court must direct the United States Marshals Service to effectuate service of process. 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3); *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir.2010) ( "*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). However, the plaintiff must provide sufficient information to locate the defendant with "reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir.2010); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir.1995) ("If the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was `good cause' for purposes of [Fed.R.Civ.P.] 4(m)," excusing the plaintiff's failure to timely serve the defendants.); *Greene v. Holloway*, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir.2000) (unpublished table opinion) (reversing district court's decision that service was insufficient after prisoner argued he did all that was required under *Graham* to effect service).

### IV. ANALYSIS

Service was attempted on all of the defendants identified in this case, but several defendants are entitled to have the complaint dismissed against them because they have not been served. The

three orders issued in this case that require service documents to be provided or direct service, all cautioned Plaintiff that she is responsible to provide sufficient information for service on defendants, and unserved defendants are subject to dismissal. The initial proper form order states: "**Plaintiff must provide, and is responsible for, information sufficient to identify Defendant(s) on the Form(s) USM-285.** <u>The United States Marshal cannot serve an inadequately identified defendant, and unserved defendants may be dismissed as parties to this case</u>." (Doc. # 10)(emphasis in original). The initial order directing service reminds Plaintiff of her responsibility to provide sufficient information, and points out that "Plaintiff has named three defendants by first name only, and these defendants might not be sufficiently identified for service," while also repeating the warning concerning dismissal. (Doc. # 18). The order issued on April 16, 2012, provided Plaintiff "<u>a final opportunity</u>" to provide information for the unserved defendants and again warned Plaintiff that "**unserved defendants may be dismissed as parties to this case**." (Doc. # 57)(emphasis in original). Plaintiff has been notified that her case against unserved defendants may be dismissed.

A. <u>Defendant Leroy NLN, Nurse</u>

Service was attempted on Defendant Leroy NLN, Nurse, but it appears that, despite reasonable efforts, the Marshals were unable to locate this defendant for service of process. The USM return for Defendant Leroy NLN, Nurse states that "Just Care unable to identify, need further identifiers." (Doc. # 43). Plaintiff has not provided any additional information that would assist in locating this defendant. Plaintiff has been given ample time to provide additional information concerning service of this defendant and has repeatedly been notified that unserved defendants will be dismissed. Under Rule 4(m) the court, "on its own after notice to the plaintiff" may "dismiss the action without prejudice against that defendant" who has not been timely served. Fed. R. Civ. P.

6

4(m). Defendant Leroy NLN, Nurse, has not been served and should be dismissed without prejudice as a defendant in this case pursuant to Rule 4(m) and for failing to abide by orders of this court directing her to provide this information.

B. Defendant Joy NLN, Nurse

Service was attempted on Defendant Joy NLN, Nurse, but it appears that, the wrong person was identified and served with the complaint. The Marshal filed a return for Defendant Joy NLN, Nurse, that states a "forwarding address provided by Geo Care." (Doc. # 47). The address is in North Carolina, and the return indicates it was "forward[ed] to another district [in] E/NC" for service. *Id.* The person served, Gaynelle Joye, wrote a letter to the court, initially filed as an Answer, stating that she is not the defendant identified as "Joy NLN, Nurse" and requesting to be dismissed from the case (doc. # 50). Because Ms. Joye, proceeding *pro se*, asked for dismissal, her letter was construed and filed as a motion to dismiss, (doc. # 64), and a *Roseboro* order was sent to Plaintiff (doc. # 65). The Roseboro order explained dismissal/summary judgment procedures and directed Plaintiff to file a response by June 28, 2012, or this defendant could be dismissed. *Id.* No response has been filed by Plaintiff to dispute Ms. Joye's claim that she is "not the Joy the court is looking for" in this case (doc. # 64). Plaintiff has failed to provide sufficient information for timely service on Defendant Joy NLN, Nurse, so this defendant should be dismissed without prejudice as a defendant in this case pursuant to Rule 4(m) and for failing to abide by orders of this court directing her to provide this information. Additionally, Plaintiff has not responded to the motion to dismiss filed by Ms. Joye, and nothing in the record belies the validity of Ms. Joye's claim, so her motion to dismiss (doc. #64) should be granted.

C.  Defendants Officer Rosin, Nurse Mills, Rochelle Priester, and Tangela NLN, Nurse

Defendants Officer Rosin, Nurse Mills, Rochelle Priester, and Tangela NLN, Nurse, filed a motion to be dismissed as defendants in this lawsuit pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure on June 14, 2012.  (Doc. # 76).  A *Roseboro* order was sent to Plaintiff on June 18, 2012, explaining that a response to the motion to dismiss was due by July 23, 2012, or these defendants could be dismissed.  (Doc. # 77).  Plaintiff has not filed a response to the motion to dismiss these defendants.

Service was attempted on these four defendants but it appears that, despite reasonable efforts, the Marshals were unable to locate these defendants for service of process (docs. # 42, #44-46).  The USM return for Defendant "Tangela NLN, Nurse" states that service was attempted at two addresses for this defendant, but she was "no longer at" the first address and "she didn't live at [the second] location either."  (Doc. # 42). The USM return for Defendant Officer Rosin indicates service was attempted via certified mail through the U.S. Postal Service, but the mail was returned as "attempted unknown."  (Doc. # 44). Then personal service was attempted at a residence, but "no one was at this residence," and the U.S. Marshal is "unable to locate Officer Rosin."  *Id.*  The USM return for Defendant "Rochelle Priester"states that service was attempted via certified mail through the U.S. Postal Service, but the mail was returned as "attempted unknown."  (Doc. # 45).  Then personal service was attempted at a residence, but the "residence is vacant."  *Id.*  The USM return for Defendant "Nurse Mills" indicates service was attempted via certified mail through the U.S. Postal Service, but the mail was returned as "attempted not known."  (Doc. # 46).  The return states the USM is "unable to identify Nurse Mills without further identifying information -- multiple Nurse Mill's at facility."  *Id.*  Defendants Tangela NLN; Ofc. Rosin; Rochelle Priester; and Nurse Mills

have not been served in this case, and Plaintiff has not responded in opposition to their motion to dismiss, so their motion to dismiss for failure to timely serve under Rule 4(m) should be granted.

D. GEO Care of South Carolina, Inc.

Service was attempted on the corporate defendant, identified in the complaint as "Columbia Regional Care, a prison hospital owned by Geo Care, Inc.," and a USM return was filed indicating service was executed on Columbia Regional Care Center by certified mail, return receipt requested, restricted delivery ("green card") on May 23, 2012 (doc. # 67). A motion to dismiss was filed on June 13, 2012 by Defendant GEO Care of South Carolina, Inc., based on Rule 12(b)(5) for insufficient service of process. The corporate defendant asserts that Stephen Adwell, who signed the green card, is the facility administrator of the Columbia Regional Care Center, but not the registered agent authorized to receive service of process on behalf of the corporate defendant.

Under South Carolina law, service of process on a corporation can be accomplished through "registered or certified mail, return receipt requested and delivery restricted to the addressee." who must be authorized to sign for the corporation. *See* S.C.R.Civ.P. 4(d)(8). "[I]f the defendant demonstrates to the court that the return receipt was signed by an unauthorized person," default can be set aside. *Id.* The corporate defendant argues that the unauthorized signature on the green card does not establish service of process on the corporate defendant, which should be dismissed in this case.

Plaintiff timely filed a response in opposition to the motion to dismiss the corporate defendant asserting that she must rely on service by the Marshal and she had no way to identify the registered agent of the corporate defendant (doc. # 82). Plaintiff requests that the registered agent

9

for GEO Care of South Carolina, Inc., identified in the motion, now be served to perfect service in this case.

Dismissal of an action against a defendant under Rule 12(b)(5) for insufficiency of service is within the discretion of the court. *Reinhold v. Tisdale*, 2007 WL 2156661 at *3 (D.S.C.2007) (unpublished opinion)(citing *Dimensional Communications, Inc. v. OZ Optics, Ltd.*, 218 F.Supp.2d 653, 655 (D.N.J.2002). "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished." *Id.* (citing *Curcuruto v. Cheshire*, 864 F.Supp. 1410, 1411 (S.D.Ga.1994)); *see also Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir.1963)(noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service). Absent prejudice to the defendant and when service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service through the Marshal. *Id.*

Plaintiff has been granted *in forma pauperis* status in this case, so Plaintiff relies on the Marshal to effectuate service of process, and the Marshal must expend a reasonable investigative effort to locate a defendant once the defendant is properly identified. The proper corporate defendant has now been identified. In the motion to dismiss, Defendant GEO Care of South Carolina, Inc. did not show how it would be prejudiced by quashing the insufficient service or why service should not be perfected now that the corporate defendant and registered agent for service have been identified. Therefore, motion to dismiss Defendant GEO Care of South Carolina, Inc. pursuant to Rule 12(b)(5) should be denied, with service to be perfected by the Marshal.

## RECOMMENDATION

Based on the foregoing, it is recommended that Defendant Leroy NLN, Nurse, and

Defendant Joy NLN, Nurse, be dismissed as defendants, and the motion to dismiss attributed to Joy NLN (doc. # 64) be GRANTED.

It is recommended that Defendants Officer Rosin, Nurse Mills, Rochelle Priester, and Tangela NLN, Nurse, be dismissed as defendants, and their motion to dismiss (doc. # 76) be GRANTED.

It is also recommended that the motion to dismiss GEO Care of South Carolina, Inc. under Rule 12(b)(5) be DENIED. (Doc. # 70). Additionally, counsel for GEO Care of South Carolina should advise the Court in writing within the time period for filing objections to this Report and Recommendation as to whether he is authorized to accept service on behalf of this defendant. If defense counsel advises the Court that he is not so authorized, then a separate order should be issued directing the United States Marshal to serve the registered agent for this corporate defendant.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 27, 2012
Florence, South Carolina

**The parties' attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).