IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Candy Argot, | ) |
|     Plaintiff, | ) |
| | )    No. 4:11-cv-2755-RMG |
| vs. | ) |
| Dr. Oliver Harden; Dana Smith; Columbia Regional Care Center, a prison hospital owned by Geo Care, Inc.; Chief Bruce McClease; Steve Adwell; Major Cummings; Captain Alton Richardson; Officer Peterson; Officer Whitaker; Erica Brown, Nurse; Sergeant Carlos Glenn; Officer Adam Creewell; Catherine Adumoah, Nurse; Kya Davis, Nurse, | )    **ORDER** |
|     Defendants. | ) |

This matter comes before the Court on Defendants' motion for summary judgment, filed on June 26, 2012. (Dkt. No. 79). In this action brought under 42 U.S.C. § 1983, Plaintiff, a prisoner of the Georgia Department of Corrections, alleges several violations of her constitutional rights occurring during incarceration at the Columbia Regional Care Center ("CRCC") in Columbia, South Carolina. (Dkt. No. 1). Specifically, Plaintiff alleges that Defendants were deliberately indifferent to her safety from attack by other patients; forcibly medicated her with insulin; and were deliberately indifferent to a serious medical condition concerning her infected finger. (Id.). Plaintiff seeks both monetary damages and an injunction preventing CRCC from returning her to the psychiatric ward

for the duration of her incarceration. (*Id.*). Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC, this case was assigned to a Magistrate Judge.

Defendants moved for summary judgment on June 26, 2012. (Dkt. No. 79). The Magistrate Judge issued a Report and Recommendation ("R&R") to this dispositive motion on January 10, 2013. (Dkt. No. 104). In the R&R, the Magistrate Judge recommended that summary judgment be granted to Defendants on Plaintiff's claims of medical indifference, forced medication, negligence, and medical malpractice, but that summary judgment be denied as to Plaintiff's claim alleging Defendants' deliberate indifference to the risk of harm posed by other CRCC patients. (*Id.* at 16). Defendants timely objected to the Magistrate Judge's recommendation that summary judgment be denied as to the risk of harm claim, (Dkt. No. 107), while Plaintiff filed no objection, (Dkt. No. 108).

## Background

In bringing the "risk of harm" claim, Plaintiff asserts that Defendants were deliberately indifferent to the risk of harm she faced from her fellow inmates in CRCC's psychiatric ward. (Dkt. No. 1 at 3–4). To support this claim, Plaintiff alleges that, though she told Defendant Captain Cumming and "officers" that a fellow inmate had threatened her several times, and she had specifically requested protection from that inmate, nothing was done. (*Id.*). She also alleges that, in a separate and subsequent incident, two inmates first attacked a third inmate before proceeding to Plaintiff's room and attacking her. (*Id.*). According to Plaintiff, Defendants Peterson, Whitaker, and Brown heard the responsible parties threaten Plaintiff prior to the attack, and Peterson and Whitaker stood in Plaintiff's cell while she was being assaulted, but they failed to act. (*Id.*).

Reviewing these allegations, the Magistrate Judge observed that "Defendants have not specifically addressed this issue in their motion for summary judgment." (Dkt. No. 104 at 15). He therefore "recommended that summary judgment be denied without prejudice" on this claim. (*Id.*).

In their objections to the R&R, Defendants argue that they did, in fact, "put forth evidence, via affidavits, that the Plaintiff was housed on appropriate units at all times during her detention at" CRCC and "that security services were appropriate at all times relevant to the allegations in the Complaint." (Dkt. No. 107 at 2). They assert that, because "Plaintiff has presented no evidence, other than the baseless, unsupported and legally insufficient allegations in the Complaint," the evidence they provided is enough to warrant summary judgment in their favor. (*Id.*).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection is made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Defendants move for summary judgment. Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corporation v. Catrett*, the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. 477 U.S. 317, 323 (1986). If the moving party makes this threshold demonstration, then the non-moving party must, in order

to survive summary judgment, demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.*

## Discussion

The Court concludes that, in their motion for summary judgment, Defendants did not carry their initial burden of demonstrating there is no genuine issue of material fact as to Plaintiff's risk of harm claim. *See Celotex Corp.*, 477 U.S. at 323. Defendants point to the affidavits of prison officials attesting that Plaintiff was housed in "appropriate" units and that the security provided was "appropriate." (Dkt. No. 107 at 2). The Court notes, however, that describing particular measures as "appropriate" represents a mere conclusion on the part of the affiants, not a form of record evidence that would warrant summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of the complaint *or answer* with conclusory allegations of an affidavit.")(emphasis added); *see also Bookman v. Kitchen*, No. 9:10-cv-1627, 2011 WL 1832146, at *2 (D.S.C. Apr. 20, 2011) (noting that, in an earlier order in that case, "the conclusory statement" contained in a prison official's affidavit was found insufficient to entitle the defendants to summary judgment). It is, after all, the Court alone that must ultimately decide whether the particular measures taken were "appropriate"—that is, in compliance with the Constitution.[1] So, for now, Defendants have not shown that they are entitled to summary judgment on this claim.

---

[1] Of course, in making this determination, the Court gives substantial deference to the judgments of prison administrators. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Williams v. Benjamin*, 77 F.3d 756, 765 (4th Cir. 1996) (citation and quotation marks omitted).

## Conclusion

Accordingly, the Court adopts the Magistrate Judge's recommendation that summary judgment be DENIED, without prejudice, with respect to Plaintiff's claim of deliberate indifference to a risk of harm, and that Defendants be given twenty (20) days to file a dispositive motion on this issue.[2] Further, having carefully reviewed the record and applicable law, the Court adopts in full the Magistrate Judge's recommendations that summary judgment be GRANTED to Defendants on Plaintiff's other claims—those for medical indifference, forced medication, negligence, and medical malpractice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 20, 2013
Charleston, South Carolina

---

[2] The Court notes that, in the R&R, the Magistrate Judge did not address Defendants' general assertion of qualified immunity. (Dkt. No. 104). As Defendants' motion for summary judgment did not explain how qualified immunity would protect Defendants in light of Plaintiff's allegations on the risk of harm claim specifically, (Dkt. No. 79-1 at 15–16), the Court will, for now, refrain from addressing this issue. Defendants are welcome to develop that argument further if they elect to file a dispositive motion on this claim.